54

[856 NYS2d 186]

In the Matter of ROBERT M. CRONK (Admitted as ROBERT MICHAEL CRONK), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 8, 2008

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Eddie Still* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated November 2, 2006, containing nine charges of professional misconduct against him. After a hearing on June 6, 2007, the Special Referee sustained all charges with the exception of charge six, which had been withdrawn pursuant to the parties' stipulation. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court may deem just and proper. Although the respondent was duly served with the Grievance Committee's motion papers by mail on August 13, 2007, he neither submitted a reply nor requested additional time in which to do so.

Charge one of the petition alleges that the respondent engaged in conduct prejudicial to the administration of justice and adversely reflecting on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]), by failing to cooperate with one or more lawful demands of the Grievance Committee.

On or about December 27, 2005, the Grievance Committee opened an investigation into the respondent's alleged professional misconduct involving the issuance of a check from his attorney escrow account at the Bank of New York. By letter dated February 9, 2006, the Grievance Committee requested of the re-

spondent specified bookkeeping records relating to his escrow account for the period January 1, 2005, through February 1, 2006. The Grievance Committee directed the respondent to provide the records by March 1, 2006, and advised him that an unexcused failure to timely comply constitutes professional misconduct independent of the merits of the underlying investigation and could result in a motion for his immediate suspension.

Although the respondent received the Grievance Committee's February 9, 2006, correspondence at his place of employment, he failed to produce the requested records.

On or about March 15, 2006, the Clerk of the Court issued a judicial subpoena and a judicial subpoena duces tecum requiring the respondent's attendance at the Grievance Committee's offices on April 27, 2006, for an examination under oath as well as the production of certain documents in conjunction with said examination, including the bookkeeping records for his escrow account previously requested.

The respondent appeared at the Grievance Committee's offices on April 27, 2006, and was examined under oath. Under oath, the respondent acknowledged his failure to previously provide the requested records and his failure to comply with the judicial subpoena duces tecum. The respondent's failure to comply impeded the Grievance Committee's investigation.

Charge two alleges that the respondent failed to maintain and produce required bookkeeping records from his escrow account, in violation of Code of Professional Responsibility DR 9-102 (i) and (j) (22 NYCRR 1200.46 [i], [j]).

During his examination under oath on April 27, 2006, the respondent testified that he has not maintained a check register and/or the records necessary to identify a source and description of each item deposited into his attorney escrow account, as well as the date, payee, and purpose of each withdrawal or disbursement.

Charge three alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to account for funds deposited into and disbursed from his escrow account.

After acknowledging his failure to provide bookkeeping records previously requested by the Grievance Committee, the respondent represented, during his April 27, 2006, deposition,

that he would obtain information needed to account fully for the activity in his escrow account and cooperate with its ongoing investigation.

From approximately May through June 2006, the Grievance Committee received copies of certain bank records relating to the respondent's escrow account directly from the Bank of New York, pursuant to a subpoena issued by the Clerk of the Court. Those records included copies of monthly bank records for the period May 17, 2005, through March 31, 2006, copies of cancelled checks, and copies of deposit slips with corresponding deposit items.

The Grievance Committee forwarded copies of those bank records to the respondent with a transmittal letter dated June 28, 2006, all sent via certified mail. The Grievance Committee asked the respondent to provide an accounting by July 28, 2006, identifying the sources and purpose of each deposit reflected on the monthly statements, including wire transfers, as well as the payee and purpose of each withdrawal. The respondent failed to comply.

Charge four alleges that the respondent made improper cash withdrawals from his escrow account, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]).

The bank records obtained by the Grievance Committee establish that the respondent disbursed from his escrow account some 74 checks to cash between April 17, 2005, and December 29, 2005, rather than disbursing them to a named payee. These checks ranged in amounts from $35 to $22,305.

Charge five alleges that the respondent commingled personal funds in his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

During his deposition on April 27, 2006, the respondent admitted that he maintained earned legal fees and other personal funds in his attorney escrow account at a time when client funds were also maintained in that account.

Charge seven alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to reregister with the Office of Court Administration (hereinafter OCA) as an attorney and counselor-at-law, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

By letter dated January 17, 2006, the respondent was advised that a sua sponte complaint had been authorized based upon his failure to reregister as an attorney with OCA for the previous and/or current registration periods, as required by Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) part 118.

Judiciary Law § 468-a (5) provides that an attorney's noncompliance with the registration requirements constitutes conduct prejudicial to the administration of justice and shall be referred to the Appellate Division for disciplinary action.

The respondent admitted under oath that he failed to file biennial registration statements and failed to pay the required fees for the biennial registration periods 2002-2003, 2004-2005, and 2006-2007. As of the date of the petition, the respondent remained delinquent.

Charge eight alleges that the respondent engaged in conduct prejudicial to the administration of justice and conduct adversely reflecting on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]), by failing to appear with his client for scheduled court proceedings.

On or about August 10, 2005, the respondent appeared in the County Court of Suffolk County on behalf of the defendant in *People v Nicholas McCall.* On or about November 4, 2005, the court sua sponte relieved the respondent as attorney for the defendant due to his failure to attend a series of scheduled court conferences and to zealously represent his client. By decision and order dated December 30, 2005, the court sanctioned the respondent, pursuant to 22 NYCRR subpart 130-2, and directed him to pay $500 to the Lawyers' Fund for Client Protection.

Charge nine alleges that the respondent failed to obtain permission of the court to withdraw from the representation of a client in a criminal proceeding, in violation of Code of Professional Responsibility DR 2-110 (a) (1) (22 NYCRR 1200.15 [a] [1]).

During his deposition of April 27, 2006, the respondent acknowledged that he abandoned the representation of his client in the underlying criminal action without obtaining permission from the court.

Based upon the respondent's admissions as well as the uncontroverted evidence, the Special Referee properly sustained charges one through five and seven through nine. The Griev-

ance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent's position has been that while he has made mistakes occasioned by his severe depression, he is not guilty of any venal misconduct and poses no danger to the public. His admitted failures to comply with the Grievance Committee's legitimate demands for information regarding the handling of his escrow account needlessly prolonged the investigation and forced the Grievance Committee to seek court intervention. Moreover, the respondent has never fully accounted for the activity in his escrow account. Although motivated by a desire to assist his downtrodden clients, who lacked the means to even cash their own social security disability checks due to their lack of satisfactory identification cards after relocating from Florida, the respondent violated the disciplinary rules in his efforts to be of assistance.

The respondent testified that his participation in a 12-step program has allowed him to conquer his addictions, and that he has started to get his life back in order.

The Grievance Committee reports that the respondent has no disciplinary history.

Notwithstanding the absence of complaints by aggrieved clients and the mitigation advanced, especially the respondent's efforts at rehabilitation, he is guilty of serious professional misconduct. Despite the respondent's sworn testimony that he rarely used his escrow account other than for certain limited purposes, the bank records reveal a number of disbursements for what appear to be personal expenses. He failed to fully account to the Grievance Committee for discrepancies revealed by its investigation. OCA records reflect that his attorney registration remains delinquent since 2002.

Under the totality of circumstances, the respondent is suspended from the practice of law for an additional two years.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and SANTUCCI, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Robert M. Cronk, admitted as Robert Michael Cronk, is suspended from the practice of law for a period of two years, commencing immediately, and continuing until further order of this Court, with leave to apply for rein-

statement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof that during said period he: (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (c) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2); and (d) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Robert M. Cronk, admitted as Robert Michael Cronk, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Robert M. Cronk, admitted as Robert Michael Cronk, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).